UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Krislyn EGHAREVBA,<br><br>                          Plaintiff,<br><br>vs.<br><br>CENTRAL SDHC FHA LLC, et al.,<br><br>                          Defendants. | Case No.:  3:25-cv-1869-AGS-DDL<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2); (2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF 3); AND (3) DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Krislyn Egharevba, proceeding without an attorney, has sued the Central San Diego Housing Commission, one of its attorneys, and two of its employees based on civil-rights theories under 42 U.S.C. § 1983. She seeks to waive the filing fee and to have a temporary injunction ordering the Housing Commission to restore her housing she was recently evicted from. Her request to waive the filing fee is granted, but her complaint must be dismissed.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a federal district court must typically pay filing fees of $405. 28 U.S.C. § 1914(a) ($350 filing fee); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2023) ($55 administrative fee). But if granted the right to proceed *in forma pauperis*, a plaintiff can proceed without prepaying those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Egharevba here has an average monthly income of "$2,439" from various public-benefit programs. (ECF 2, at 2.) She claims she has no money on hand, no assets of value, and four children under the age of 12 in her care, in addition to being "seven months pregnant" and "homeless" because of her eviction. (*Id.* at 2–5.) Although plaintiff failed to properly itemize her monthly expenses, she claims they match her income and that she "struggles to maintain the bare minimum" standard of living

for her and her children. (*See id.* at 4–5.) Going forward, plaintiff is admonished to make sure she provides the Court with all requested information, but the declaration suffices to show that she cannot pay the filing fee. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("[A] party need not be completely destitute to proceed IFP."). The motion to proceed *in forma pauperis* is granted.

## SCREENING

When reviewing an IFP motion, the court must also screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In addition, and critically for this case, "[i]f the court determines at anytime that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Egharevba claims that defendants "removed" her from her "home" "without proper notice, without a meaningful hearing, and while a petition for a writ of supersedeas and appeal were still pending in state court." (ECF 1, at 5.) She alleges that this wrongful eviction violated her constitutional rights to due process, to equal protection, and to be free from cruel and unusual punishment under the Eighth Amendment. (*Id.* at 5–7.) In attachments to the complaint, Egharevba provides additional details, including the orders of eviction from state court (ECF 1-2, at 10, 14, 24) and a recounting of the eviction itself, performed by sheriff's deputies (ECF 1-2, at 5).

The Court cannot hear her federal claims, however, due to the *Rooker-Feldman* doctrine. *Rooker-Feldman* bars lower federal courts from exercising jurisdiction over a direct appeal from a state-court decision, as well as "over the de facto equivalent of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (cleaned up); *see generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). "To determine whether an action functions as a de facto appeal, we pay close attention to the relief sought by the federal-court plaintiff." *Cooper*, 704 F.3d at 777–78 (cleaned up). "It is a forbidden de facto appeal under *Rooker–Feldman*

2

when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id.* at 778. And an injunction to undo her state-court ordered eviction is exactly the relief Egharevba seeks: she requests "immediate reinstatement to [her] home." (ECF 1, at 7); *see Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (holding that *Rooker-Feldman* bars jurisdiction when the "relief [plaintiff] seeks" would include "undoing the decision of the state court" (cleaned up)).

That's not all the relief she requests, though, as she also seeks "compensatory and punitive damages." (ECF 1, at 7.) But the *Rooker-Feldman* doctrine includes claims for other relief that are "'inextricably intertwined' with the state court's judgment." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n.16). Claims are "inextricably intertwined" if "the district court must hold that the state court was wrong in order to find in favor of the plaintiff." *Id.* at 1030. Since all of Egharevba's claims are based on the premise that she was wrongfully evicted, any damages awarded by this Court would require a finding that the state court was wrong to order the eviction. And so, this Court is barred from hearing her claims under *Rooker-Feldman*. *See Kotab v. Eighth Jud. Dist. Ct.*, No. 2:24-cv-00324-MMD-NJK, 2024 WL 1744705, at *1 (D. Nev. Apr. 23, 2024) (holding that to "provide Plaintiff with the relief he seeks" arising from a state-court eviction order "would require this Court to analyze the state courts' alleged legal errors and void the original order and the appeal, which is squarely barred by *Rooker-Feldman*"). Since this Court lacks jurisdiction over the case, it also denies Egharevba's request for a temporary restraining order seeking, among other things, to prevent "Defendants from enforcing the eviction or obstructing access to the property" and "[a]n order of reinstatement into possession" of the property. (*See* ECF 3, at 6); *Kotab*, 2024 WL 1744705, at *2 (denying a similar motion for injunctive relief due to jurisdiction being barred by *Rooker-Feldman*).

Given plaintiff's unrepresented status, and despite the Court's concerns that she will

3

be unable to address *Rooker-Feldman* concerns to permit her to challenge her eviction in federal court, the Court grants Egharevba leave to amend her complaint. After all, a "district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

## CONCLUSION

Thus, the Court orders as follows:

1.    Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and the filing fee is waived.

2.    Plaintiff's complaint is **DISMISSED** without prejudice due to lack of jurisdiction. But plaintiff is granted leave to amend.

3.    By **August 29, 2025**, plaintiff must file any amended complaint. The amended complaint must be complete by itself without reference to any previous version of her pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. If Egharevba fails to timely amend, the Court will enter a final Order dismissing this civil action.

Dated:  July 25, 2025

_____
Hon. Andrew G. Schopler
United States District Judge

4